## LESSOR OF EQUIPMENT NOT LIABLE FOR INJURIES CAUSED BY DEFECTS.

Court of Appeals for Wood County.

EDWIN H. ROGERS v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

Decided, October 22, 1913.

*Railways—Owner of Cars under Lease—Not Liable for Injuries Resulting from Defective Condition.*

A lessor of railway cars parting with the possession and control of the cars is not liable for damages for personal injuries resulting from the defective condition of one of the cars in the absence of an averment that such condition existed at the time of the lease.

*Benj. F. James,* for plaintiff in error.
*Doyle & Lewis* and *F. P. Reigle,* contra.

RICHARDS, J.

This is a personal injury case brought by Edwin H. Rogers to recover against the Lake Shore & Michigan Southern Railway Company and the Toledo & Ohio Central Railway Company. The Lake Shore Company filed a general demurrer to the petition in the court of common pleas, which was sustained, and the plaintiff not desiring to plead further, final judgment was entered against him, to reverse which this proceeding in error is brought.

It appears from the allegations of the petition that Rogers was engaged in loading logs upon a certain car, which was the property of the Lake Shore & Michigan Southern Railway Company, but which had been leased by it to the Toledo & Ohio Central Railway Company. He was injured by the falling of an end gate which he avers was insufficiently fastened by reason of unsafe fasteners provided by the two companies.

The petition contains no averment that the alleged defects existed at the time the car was leased by the Lake Shore & Michigan Southern Railway Company to the Toledo & Ohio Central Rail-

way Company, but it does contain an averment that the car was at the time of the injury in the possession and under the control of the Toledo & Ohio Central Railway Company. It further appears from the petition that the plaintiff did not have knowledge of the terms of the lease from the one company to the other.

The court of common pleas committed no error in sustaining the demurrer of the Lake Shore & Michigan Southern Railway Company to this petition, nor in the final judgment entered.

Under the allegations of the petition the case is clearly within the principle announced in *Burdick* v. *Cheadle,* 26 O. S., 393; *Shindelbeck* v. *Moon,* 32 O. S., 264, and *Stackhouse* v. *Close,* 83 O. S., 339.

Counsel for Rogers rely, among other cases, upon that of *Cinti. & Springfield Ry. Co.* v. *Sleeper,* 5 Ohio Dec. Reprint, 196. The facts of that case, however, are so different from the case at bar in material respects that it is not a controlling authority. The lessor company in that case reserved control of the property. The petition does not contain allegations which would bring the claim of the plaintiff within the principle announced in *Penna. R. R. Co.* v. *Snyder,* 55 O. S., 342, and we need not, of course, determine whether the principle there announced would be applicable to an injury suffered to one other than an employee of the lessee company.

Finding no error, the judgment of the court of common pleas will be affirmed.

KINKADE, J., and CHITTENDEN, J., concur.